IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRAVA SALON SPECIALISTS, LLC,

                Plaintiff,

    v.

LABEL.M USA, INC., SALONCENTRIC, INC,
JOHN DOE 1 and JOHN DOE 2,

                Defendants.

OPINION and ORDER

15-cv-631-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Brava Salon Specialists, LLC is suing defendant Label.M USA, Inc. for allegedly violating an exclusive distribution agreement. In addition, plaintiff is suing defendant SalonCentric, Inc., John Doe 1 and John Doe 2 for interfering with plaintiff's contract with Label.M. Plaintiff is raising claims for breach of contract, tortious interference with a contract and violations of the Wisconsin Fair Dealership Law.

      Plaintiff filed the case in state court, but defendant Label.M removed the case to federal court pursuant to 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction. As requested by the court, dkt. ##27 and 31, defendant Label.M has filed supplemental materials showing that plaintiff and defendants have diverse citizenship, as required by § 1332. Plaintiff's sole member is Jim Marcks, who is a citizen of Wisconsin; defendant Label.M is a citizen of Florida; SalonCentric is a citizen Nevada and New York. Dkt. ##1 and 35. I need not consider the citizenship of the John Doe defendants. 28

1

U.S.C. § 1441(b)(1). Because plaintiff alleges that the agreement is worth hundreds of thousands of dollars, it is reasonable to infer that the amount controversy exceeds the $75,000 jurisdictional minimum.

The matter before the court is defendant Label.M's motion under 28 U.S.C. § 1404(a) to transfer this case to the Southern District of Florida because plaintiff's claims arise under an agreement that requires plaintiff and Label.M to litigate their disputes in Florida. Dkt. #11. When a party seeks to transfer a case under a forum selection clause, "a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." Atlantic Marine Construction Co. v. U.S. District Court for Western District of Texas, 134 S. Ct. 568, 575 (2013). Because plaintiff does not deny that the forum selection clause applies to its dispute with Label.M and plaintiff has not pointed to any extraordinary circumstances barring transfer, I am granting Label.M's motion.

OPINION

There are two steps to determining whether to transfer a case under 28 U.S.C. § 1404(a) in light of a forum selection clause. In step one, the court determines whether the forum selection clause is "contractually valid." Atlantic Marine Construction Co., Inc. v. United States District Court for Western District of Texas, 134 S.Ct. 568, 580–81 n. 5 (2013). If it is, the court conducts an analysis under § 1404(a) to determine whether any other factors show it would be in the interests of justice to disregard the forum selection

clause and decline to transfer the case. Id. at 581.

In this case, plaintiff does not argue that the forum selection clause is invalid as a matter of contract law, so I need not consider that issue. Rather, plaintiff argues that the forum selection clause should not receive "dispositive consideration" under § 1404(a) because doing so would be contrary to the policy embodied in the Wisconsin Fair Dealership Law.

Section 1404(a) allows a court to transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice." Generally, § 1404(a) "permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Factors a court may consider include the availability of and access to witnesses; each party's access to and distance from resources in each forum; the location of material events; the relative ease of access to sources of proof; docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy. Id.

However, this analysis changes when the parties have a contract with a valid forum selection clause. For example, the court may not give any weight to the plaintiff's choice of forum. Atlantic Marine, 134 S. Ct. at 581-82. In addition, the court may not consider the

parties' "private interests," such as convenience. Id. at 582. More generally, "a valid forum-selection clause should be given controlling weight in all but the most exceptional cases." Id. at 581 (internal quotations and alterations omitted).

Plaintiff has not shown that this an exceptional case. In fact, plaintiff failed to acknowledge Atlantic Marine in its opposition brief, even though defendant Label.M relied on the case in its opening brief. Plaintiff's silence is telling.

Plaintiff argues that enforcing the forum selection clause in this case would conflict with the "strong public policy behind the WFDL," Plt.'s Br., dkt. #21, but it does not develop an argument as to why. The only potential conflict that plaintiff identifies is that it "is unaware of any Florida law that contains the various important public policy provisions of the WFDL." Id. at 7. But even if plaintiff's observation about Florida law is correct, that is an argument about choice of law, not forum. As I noted in Rolfe v. Network Funding LP, No. 14-cv-9-bbc, 2014 WL 2006756, at *2-3 (W.D. Wis. May 16, 2014)—another case that plaintiff ignores despite defendants' reliance on it—a choice of law provision and a forum selection clause (the distribution agreement includes both) do not necessarily rise and fall together. E.g., Stawski Distributing Co. v. Browary Zywiec SA, 349 F.3d 1023 (7th Cir. 2003) (concluding that forum selection clause was enforceable but choice of law provision was not). Plaintiff does not identify any reason why the Florida court could not apply the Wisconsin Fair Dealership Law if it governs this case as plaintiff says it does. Although it may be true that a Wisconsin court would be more familiar with the Wisconsin Fair Dealership Law than a Florida court, that is not a sufficient reason for refusing to enforce

a forum selection clause. Atlantic Marine, 134 S. Ct. at 584 (rejecting argument that "the public-interest factors weighed in favor of keeping the case in Texas because Texas contract law is more familiar to federal judges in Texas than to their federal colleagues in Virginia"). Plaintiff does not identify "any exceptionally arcane features of [the Wisconsin Fair Dealership Law] that are likely to defy comprehension by a federal judge sitting in" Florida. Id.

Plaintiff cites several cases in which courts in this district refused to enforce a forum selection clause when the plaintiff was raising a claim under the Wisconsin Fair Dealership Law. Wins Equipment, LLC v. Rayco Manufacturing, Inc., 668 F. Supp. 2d 1148 (W.D. Wis. 2009); Brown Dog, Inc. v. Quizno's Franchise Co., LLC, No. 04-C-0018-C, 2004 WL 1114427 (W.D. Wis. May 13, 2004); Van's Supply & Equip., Inc. v. Echo, Inc., 711 F. Supp. 497 (W.D. Wis. 1989). However, in each of those cases, the court gave weight to the plaintiff's choice of forum or the other court's lack of familiarity with the fair dealership law. Brown Dog, 2004 WL 1114427, at *2-3; Wins Equipment, 668 F. Supp. 2d at 1153-54; Van's Supply, 711 F. Supp. at 503. Because the Supreme Court stated in Atlantic Marine, 134 S. Ct. at 581-84, that courts may not consider either of those factors when deciding whether to enforce a forum selection clause under § 1404(a), the reasoning of those older cases may no longer apply. In any event, the courts in those cases did not hold that the fair dealership law invalidated every forum selection clause in a case involving that law. Rather, each court stated that the fair dealership law was one factor to consider in deciding a motion under § 1404(a). E.g., Wins Equipment, 668 F. Supp. 2d at 1152 (WFDL is "[a]mong the

5

factors that are relevant—but not individually dispositive" to § 1404(a) analysis). Because plaintiff has not pointed to any facts in this case suggesting that the forum selection clause should not be enforced, I am granting defendant Label.M's motion to transfer.

The forum selection clause was part of an agreement between plaintiff and Label.M, not the other defendants. However, no party asks the court to sever this case so that plaintiff's claims against defendant SalonCentric and the John Doe defendants can remain here. Because all of plaintiff's claims relate to their relationship with Label.M, it makes sense to keep all of the claims together. Accordingly, I find that it is in the interests of justice to transfer the entire case to the Southern District of Florida.

## ORDER

IT IS ORDERED that the motion to transfer filed by defendant Brava Salon Specialists, LLC, dkt. #11, is GRANTED. The clerk of court is directed to TRANSFER this case to the United States District Court for the Southern District of Florida.

Entered this 16th day of February, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge